UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4784-GW(KSx) | Date | August 31, 2017 |
|---|---|---|---|
| Title | *WFG National Title Insurance Company v. Tamara Dadyan, et al.* | | |

Present: The Honorable GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Lori C. Hershorin | Scott R. Laes |
| | Michael T. Soller by telephone |
| | Julie Corriveau by telephone |

**PROCEEDINGS:     PLAINTIFF WFG NATIONAL TITLE INSURANCE COMPANY'S MOTION TO REMAND [12]**


Court hears oral argument.  The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Plaintiff's Motion is GRANTED and this action is remanded to the Los Angeles County Superior Court (BC640157).  The Court denies Defendants' request for attorney's fees.

|  | : | 08 |
|---|---|---|
| Initials of Preparer | JG | |

## I. Background

Plaintiff WFG National Title Insurance Company, a South Carolina corporation, sued Defendants Tamara Dadyan, Rose Avakian, Adelita Timirova Investments, Inc., Arthur Abraham, Adeliya Timirova, Egia Kapemyan, Tetiana Vovk, Secureline Realty and Funding, Inc., Ara Haritunian, United Escrow Co., Nerses Nakshchyan, Quality Loan Services Corp., Select Portfolio Servicing, Inc., Wells Fargo Bank, N.A., Jubilio Escalera, MJF Funding Corp., Vartan Akopyan, Epraksi Gevorkian, Karapet Emboyan, Hovanes Yesayan, Anush Ferakhyan, K-Astron Ventures, Konstantine Kabilakfas, Angela Simon, Alak Mikaelyan, William Parent, Tandem Mortgage, Inc. Anait Akopyan, Jose Alonza, and Does 1-50 in the Superior Court of the State of California, County of Los Angeles. *See generally,* Notice of Removal, Ex. A (First Amended Complaint) ("FAC"), Docket No. 1. Plaintiff initiated the Superior Court action on November 8, 2016 and subsequently filed the FAC on March 28, 2017. *See id.* at 1.

Plaintiff alleges a criminal enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*. *See generally* FAC. In general terms, Plaintiff alleges that the "RICO Defendants" conspired to record false instruments in the Official Records of Los Angeles County, *see id*. ¶¶ 48, 56, 100, and submit false documents to Plaintiff and others in connection with financial transactions, *see id*. ¶¶ 55, 58, 76, 78, 98. Plaintiff does not include Defendants United Escrow Co., Quality Loan Services Corp., Select Portfolio Servicing, Inc., Wells Fargo Bank, N.A., or MJF Funding Corp. as RICO Defendants and does not suggest criminal activity on their part. *See id*. ¶ 33. Rather, Plaintiff alleges professional negligence against United Escrow and MJF Funding Corp., *see id.* ¶¶ 194-200, 224-30, breach of fiduciary duty against United Escrow, *see id.* ¶¶ 201-04, breach of the escrow agreement against United Escrow, *see id.* ¶¶ 205-10, and seeks quiet title and declaratory relief against Quality Loan Services Corp., Select Portfolio Servicing, Inc., and Wells Fargo, N.A. *See id*. ¶¶ 211-23.

Defendants Anait Akopyan and Vartan Akopyan ("Akopyan Defendants") removed the action to this Court on June 28, 2017. *See generally* Notice of Removal. Akopyan Defendants assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (as Plaintiff's RICO allegations raise a federal question) and pursuant to 28 U.S.C. § 1441(b) (as the parties are

diverse). *Id.* ¶ 3.

Plaintiff moved this Court to remand the action back to the Superior Court. *See generally*, Pl.'s Notice of Mot. and Mot. to Remand, Docket. No. 12; *see also* Mem. of P. & A. in Supp. of Pl.'s Mot. to Remand ("Motion"), Docket 12-1. Plaintiff seeks $1,375 in attorney's fees associated with filing the Motion. *See id.* at 9. Akopyan Defendants opposed the Motion and filed declarations in support. *See generally* Akopyan Defendants Opp'n to Motion ("Opp'n"), Docket No. 20; *see also* Decl. of Anait Akopyan in Supp. of Opp'n ("Anait Decl."), Docket No. 20-2; Decl. of Vartan Akopyan in Supp. of Opp'n ("Vartan Decl."), Docket No. 20-3.[1]

Separately, Defendants Select Portfolio Servicing, Inc. and Wells Fargo Bank, N.A., moved to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief may be granted. *See generally* Defs.' Mot. to Dismiss Compl. Pursuant to Fed. R. of Civ. P. 12(b)(6), Docket No. 6. Similarly, Defendant Quality Loan Services Corp. moved to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief may be granted. *See generally* Def.'s Notice of Mot. and Mot. to Dismiss Pl.'s First Am. Compl., Docket No. 14; *see also*, Mem. of P. & A. in Supp. of Mot. to Dismiss Pl.'s First Am. Compl., Docket No. 14-1.

For the reasons set forth below, this Court grants the Motion and remands the matter to the Superior Court. As such, this Court lacks jurisdiction to entertain the motions to dismiss filed by Defendants Select Portfolio Servicing, Inc., Wells Fargo Bank, N.A., and Quality Loan Services Corp and will not rule on either.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction," and have subject matter jurisdiction only to the extent "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-137 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon

---

[1] Local Rule 7-9 requires that an opposition be filed not later than 21 days before the hearing. Akopyan Defendants were thus required to file an opposition no later than August 10, 2017. *See id.* They filed on August 15, 2017. Plaintiff encourages this Court to decline to consider the Akopyan Defendants' filing as untimely. *See* Reply at 3; *see also* Local Rule 7-12. This Court will consider the untimely filings, but will note that when an opposing party seeks relief from this Court based in part on a counsel's failure to timely file for removal, it does not reflect well on counsel to fail to timely file an opposition.

the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)).

28 U.S.C. § 1441 permits defendants to remove certain civil actions brought in a state court to federal district courts. The removal statute is strictly construed against removal jurisdiction, however, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "Generally, [a] defendant has the right to invoke federal removal jurisdiction if the case *could* have been filed originally in federal court (i.e. on diversity or federal question grounds)." O'Connell & Stevenson, *Rutter Group Prac. Guide: Fed. Civ. Proc. Before Trial* ("*Federal Practice Guide*") § 2:2192 (2016) (emphasis in original); *see also Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).

The removal statute imposes procedural requirements. *See* 28 U.S.C. § 1446(b)-(d). A removing party's failure to comply with those procedural requirements can result in remand. *See Gray v. Moore Bus. Forms, Inc.*, 711 F. Supp. 543, 544 (N.D. Cal. 1989) (holding that an action can be remanded to state court for two reasons: (1) lack of subject matter jurisdiction; and (2) procedural defects in the removal process.). The procedural requirements include that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) ("[A] proper removal notice must be filed within 30 days of service of the plaintiff's complaint."). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Additionally, when a case is removed to federal court, "all defendants who have been properly joined and served must join in or consent to the removal action." 28 U.S.C. § 1446(b)(2)(A).

As noted above, generally a "defendant has the right to invoke federal removal

jurisdiction if the case *could* have been filed originally in federal court." *Federal Practice Guide* § 2:2192 (emphasis in original). Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether or not an action arises under the Constitution, laws, or treaties of the United States "must be determined from what necessarily appears in the plaintiff's statement of his own claim." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002); *see also, Taylor v. Anderson*, 234 U.S. 74, 75 (1914).

Federal district courts additionally have original jurisdiction in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). The Supreme Court has interpreted the diversity statute to require "complete diversity" such that no defendant is a citizen of the same state as any plaintiff. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence…of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction."). But even if the parties are completely diverse and the amount in controversy requirement is met, removal jurisdiction on the basis of diversity is barred when "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In other words, "[o]nce any 'local' defendant (a citizen of the forum state) has been served, the action cannot be removed by that defendant, or by any other defendant." *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991).

28 U.S.C. § 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

## III. Discussion

Plaintiff asserts five grounds to remand this action: (1) the Akopyan Defendants waived the ability to remove by failing to timely file; (2) the state of California has concurrent jurisdiction over the RICO allegations; (3) Akopyan Defendants failed to obtain consent of all defendants; (4) the Notice of Removal fails to allege the matter in controversy exceeds $75,000;

4

and (5) the Akopyan Defendants failed to file a copy of all process, pleadings, and orders served upon them.  This Court examines these contentions in turn.

A.   The Removal Was Untimely

The Notice of Removal asserts that "[t]he Akopyan Defendants are named in the FAC, but have not yet been served."  ¶ 2.  It further asserts that the Akopyan Defendants only learned of this action on June 8, 2017.  *See id.*

In support of this Motion, Plaintiff provides proof of service demonstrating that the Akopyan Defendants were served in April 2017.  *See generally* Mourad Decl. in Supp. of Motion ("Mourad Decl."), Ex. 3-4, Docket 12-2.  The California Code of Civil Procedure authorizes service of an individual defendant by leaving copies of the summons and complaint at the person's dwelling house with someone at least 18 years of age and thereafter mailing additional copies to the defendant.  *See* § 415.20(b).  Before substitute service may be employed, however, "reasonable diligence" must first be exercised.  *See id.*  "Two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as 'reasonable diligence.'" *Am. Express Centurion Bank v. Zara*, 131 Cal. Rptr. 3d 99, 103 (Cal. Dist. Ct. App. 2011) (citing Weil & Brown, *Civil Procedure Before Trial* ¶ 4:128, ¶¶ 4:130-32).  "Service of a summons in this manner is deemed complete on the 10th day after the mailing."  Cal. Code. Civ. P. § 415.20(b).

Exhibit 3 of the Mourad Declaration demonstrates that a registered California process server attempted to effectuate personal service at Vartan Akopyan's home[2] on April 3, 2017, April 4, 2017, and April 5, 2017.  *See* Mourad Decl., Ex. 3 at 2.  On April 5, 2017, the process server left a copy of the summons and FAC with a person identified as Karen Doe.  *See id.* at 1.  And on April 6, 2017, a copy of the summons and FAC was mailed to the home.  *See id.* at 3.

Exhibit 4 of the Mourad Declaration demonstrates that a registered California process server attempted to effectuate service at Anait Akopyan's home[3] on April 3, 2017, April 4, 2017, and April 5, 2017.  *See* Mourad Decl., Ex. 4 at 2.  On April 5, 2017, the process server left a copy of the summons and FAC with a person identified as Karen Doe.  *See id.* at 1.  And on April 6, 2017, a copy of the summons and FAC was mailed to Anait Akopyan.  *See id.* at 3.

Plaintiff has demonstrated that the Akopyan Defendants were each served on April 16, 2017, ten days after the summons and FAC were mailed.  *See* Cal. Code. Civ. P. § 415.20(b).

---

[2] The home address is confirmed by Vartan Akopyan.  Vartan Decl. ¶ 2.

[3] The home address is confirmed by Anait Akopyan.  Anait Decl. ¶ 2.

The Akopyan Defendants assert that they have not been served, s*ee* Notice of Removal ¶ 2, but has provided this Court with nothing tangible to suggest that the substitute service was somehow defective or otherwise lacking.[4]  Furthermore, by email dated June 9, 2017, their counsel confirms an agreement to answer the Superior Court action by June 16, 2017.  *See* Decl. of Michael Stoller in Supp. of Opp'n, Ex. A, Docket No 20-1; *see also* Reply to Untimely Opp'n at 4-5, Docket No. 21.  If the Akopyan Defendants were never served the action, it belies reason that their counsel would agree to answer the suit.

A "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  The Akopyan Defendants were thus required to remove this action no later than May 16, 2017. [5]  *See id.*  The action was not removed until June 28, 2017.  *See* Notice of Removal.  The Akopyan Defendants thus missed the procedural deadline by 43 days.  On this basis alone this Court would grant the Motion.

B.  Concurrent Jurisdiction Does Not Grant the State Court Exclusive Jurisdiction

Plaintiff contends that "the State court has concurrent jurisdiction over the RICO claims . . . and the court should remand the action."  *See* Motion at 7.  As a threshold matter, Plaintiff is correct that "state courts have concurrent jurisdiction to consider civil claims arising under RICO."  *Tafflin v. Levitt*, 493 U.S. 455, 467 (1990).  But axiomatically, concurrent jurisdiction does not grant state courts exclusive jurisdiction.

Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  RICO is a law of the United States.  As such, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 to hear RICO cases as a general matter.  *See Tafflin*, 493 U.S. at 461.  The fact that a California court *could* hear this RICO case would not strip this Court of subject matter jurisdiction.  As such, this Court rejects the

---

[4] The proofs of service provided to this Court was accepted by the Superior Court clerk on April 11, 2017.  *See* Mourad Decl., Ex. 3 at 1 and Ex. 4 at 1.  The Akopyan Defendants did not challenge service in the Superior Court between June 8, 2017 when they purportedly learned of the action, and June 28, 2017 when they filed the Notice of Removal with this Court.

[5] While 28 U.S.C. § 1446(b)(3) permits later removal if "the initial pleading is not removable," that exception is not applicable here.  The FAC very clearly alleges RICO allegations in violation of the United States Code.  *See* FAC at 1.  Thus, the Akopyan Defendants ought to have immediately recognized that 28 U.S.C. § 1331 conferred jurisdiction to the district court on the basis of presenting a federal question.

argument.

      C.  <u>Not All Defendants Have Joined or Consented to the Removal</u>

28 U.S.C. § 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." The Notice of Removal states that "[a]ll other defendants who have been served with the summons and complaint have joined in this notice of removal." ¶ 4. It goes on to specifically list Tamara Dadyan, Secureline Realty and Funding, Inc., Rose Avakian, United Escrow Co., Anush Ferakhyan, and Tandem Mortgage, Inc.as having joined in the removal. *See id.* Additionally, it states that United Escrow Co., Quality Loan Service Corp., and Tandem Mortgage "will not oppose removal if granted."[6] *Id.* Finally, it states that Select Portfolio Servicing, Inc. and Wells Fargo Bank, NA are also not opposed to removal.[7] *Id.*

In addition to the Akopyan Defendants, Plaintiff provided evidence that the following Defendants have been served: Adelita Timirova Investments, Inc., Adeliya Timirova, Tetiana Vovk, Ara Haritunian, Jubilio Escalera, MJF Funding Corp., Karapet Emboyan, K-Astron Ventures, Konstantine Kabilakfas, Angela Simon, Alak Mikaelyan, William Parent, and Jose Alonza. *See* Mourad Decl., Ex. 5. The Notice of Removal is silent as to the position of each of these Defendants on this removal action other than its conclusory statement that "[a]ll other defendants who have been served with the summons and complaint have joined in this notice of removal." ¶ 4.

This Court thus finds that the Akopyan Defendants failed to obtain the consent of at least 13 separate defendants at the time of filing the Notice of Removal. This defect is curable, however, and the Akopyan Defendants could have obtained consent of these defendants prior to this Court's consideration of the Motion. *See Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011); *see also Soliman v. Phillip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002). Notwithstanding this opportunity to cure, the Akopyan Defendants failed to do so. The Akopyan Defendants thus failed to meet a critical procedural requirement to establish federal jurisdiction and on this basis alone this Court would grant the Motion.

---

[6] The Notice of Removal is internally inconsistent in that it states that Quality Loan Service Corp. both joined in the removal *and* will not oppose the removal if granted.

[7] Defendant Select Portfolio Servicing, Inc. and Wells Fargo Bank, N.A. subsequently confirmed this by filing a Notice of Non-Opposition to the Motion which states that they "do not oppose Plaintiff's request to remand the case back to state court, and provide no opinion on the merits of the Motion." Docket No. 16.

D.  This Action Cannot be Removed for Diversity Jurisdiction

In addition to asserting jurisdiction on the basis of federal question,  the Notice of Removal states that the action may be removed pursuant to 28 U.S.C. § 1441(b).  *See* ¶ 3.  The Notice fails to acknowledge, however, that the local defendant rule bars California defendants from invoking diversity jurisdiction as a basis to remove the action.  *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").  The Notice of Removal doesn't just purport that any of the defendants are citizens of the States in which Plaintiff brought this action, but rather asserts that *all* of the defendants are citizens of California.  *See* ¶ 3.

Given that Plaintiff brought suit in the Superior Court of California, the Akopyan Defendants cannot avail themselves of removal on the basis of diversity jurisdiction.  *See* 28 U.S.C. § 1441(b)(2); *see also Republic W. Ins. Co.*, 765 F.Supp. at 629.

Plaintiff asserts that the Notice of Removal is defective for failing to allege the amount in controversy exceeds $75,000.  *See* Motion at 8.  Because 28 U.S.C. § 1441(b)(2) bars the use of diversity jurisdiction to remove this action entirely, this Court rejects the argument.

E.   Akopyan Defendants Included Process, Pleadings, or Orders Served Upon Them

28 U.S.C. § 1446(a) requires that "a copy of all process, pleadings, and orders served upon" a removing defendant be attached to a notice of removal.  Plaintiff conclusively asserts that the Akopyan Defendants "failed to file a copy of all process, pleadings, and orders served upon" them.  Motion at 8-9.  Plaintiff does not direct this Court to any particular process, pleadings, or orders, however.

As noted above, Plaintiff has demonstrated that the FAC was served on the Akopyan Defendants.  *See* Mourad Decl., Ex. 3-4.  The FAC was filed with this Court as Exhibit A to the Notice of Removal.  Plaintiff has not demonstrated that any additional process, pleadings, or orders were served on the Akopyan Defendants.  As such, this Court rejects the argument.

## IV.  Conclusion

For the foregoing reasons, the Court would grant the Motion and remand this action back to state court forthwith.  Plaintiff seeks an award of $1,375 in attorney's fees incurred.

However, the Court does not find that the Akopyan Defendants "lacked an objectively reasonable basis for seeking removal" and declines to make such an award.  *See Martin*, 546

U.S. at 141.  The FAC raises a federal question, namely application of the RICO statute that would permit removal to federal court.  The Court's basis for remanding this matter is the Akopyan Defendants' failure to comply with procedural requirements of 28 U.S.C. § 1446(b).  These procedural defects may be waived and had Plaintiff not filed this Motion the case could have been heard in this Court.  *See Kelton Arms Condo. Owners Ass'n , Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (holding that a district court may not remand a case *sua sponte* for procedural defects).  As such, the Akopyan Defendants did not lack an objectively reasonable basis for seeking removal and this Court will not award attorney's fees.